## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| Mary E. Freeman, | |
| Plaintiff, | Case No.:  1:19-cv-03900-JMS-MPB |
| v. | |
| | Judge Jane E. Magnus-Stinson |
| Financial Business and Consumer Solutions, Inc., | |
| Defendant. | Magistrate Judge Matthew P. Brookman |

## BRIEF IN SUPPORT OF MOTION TO DISMISS
## ON BEHALF OF FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC.

## I.       INTRODUCTION

This matter arises out of a letter Defendant Financial Business and Consumer Solutions, Inc. ("FBCS") mailed to Plaintiff attempting to collect an account balance owed to its client for wireless phone service she received. [Complaint, ¶12]. Although FBCS informed Plaintiff in the letter that she was being offered a voluntary 35% discount on her account balance, which would have amounted to a savings of nearly two hundred dollars had she accepted it, Plaintiff instead responded with this lawsuit. [Filing No. 11-1]. The sole Count in the Complaint claims that the subject letter was confusing. While Plaintiff acknowledges that the subject letter provided Plaintiff with three options on how to accept the 35% discount, she claims that the third option, which permitted for the payment to be split into three equal installments of $116.95, was false because it would have amounted to a savings of *one cent* less than what she contends she was offered. [Complaint., ¶27]. Plaintiff also alleges that the letter did not clearly state the amounts for the account balance and what the balance would be with the 35% discount. Id., ¶26. For these reasons, Plaintiff contends that the letter violated sections 1692e and 1692e(10) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*, and she is claiming alleged damages and attorney's fees.

304657326v1 1025331

Plaintiff's Complaint should be dismissed because the subject letter states that the "Outstanding Balance" is $539.76, while also stating in the opening line that the 35% discount equaled a savings of $188.92. [Filing No. 11-1]. The letter goes on to inform Plaintiff that with the 35% discount the amount to pay is $350.84, which is the difference between $539.76 (the outstanding balance) and $188.92 (the savings). Id. The placement of all this information is in the first half of the letter where it can be seen without any obstruction. Thus, the outstanding account balance, the amount of the discount and the reduced balance with the 35% discount are all clearly stated. Simply put, there is nothing confusing or complicated about that information.

In addition, while the sum of the three-payment installment option does equal $350.85, which is a *penny* more than the $350.84 discounted balance that was offered, the one-cent difference is a function of rounding ($350.84/3 = $116.9467) and the one cent difference is not a material misstatement. Given the above, the Complaint should be dismissed with prejudice.

## II.     STATEMENT OF FACTS

Plaintiff filed a one-count Complaint alleging that sections 1692e and 1692e(10) of the FDCPA were violated. The lawsuit is premised on a collection letter that FBCS mailed to Plaintiff for an unpaid account balance due to its client regarding wireless phone service Plaintiff received. [Complaint, ¶12]. The letter offers Plaintiff a discount on her account balance, yet Plaintiff contends that the letter is confusing as to the amount of the account balance and what that balance would be with the discount. [Id., ¶26]. Plaintiff also claims that the letter is false because one of the payment options, which involves a three-payment installment plan, is for a penny more than the reduced account balance that was offered. [Id., ¶26].

The body of the subject letter begins as follows:

Interested in saving **$188.92**, read on ...

304657326v1 1025331

> Our client, JEFFERSON CAPITAL SYSTEMS, LLC, has authorized us to accept **a 35% discount off your $539.76 outstanding balance to settle the account in full**. The complete details of your account are:

[Filing No. 11-1] (emphasis supplied).

The body of the letter goes on to state, in relevant part:

**Outstanding Balance** <       **$539.76**

Id. (emphasis supplied).

Finally, the body of the letter states, in relevant part:

> **We can accept this reduced amount under your preferred option**:
>
> 1. **Pay the full amount of $350.84 to us in one payment**.
>
> 2. Pay $70.17 as a down-payment and the remaining balance of $280.67 30 days after your 1st payment is received.
>
> 3. **You may have an opportunity to split your settlement into 3 payments of $116.95 each**. **Call our office for details**.
>
> 4. Contact one of our agents, who have been specially trained to listen to your circumstances and guide you through the process, there may be other payment options available based on your specific situation. Call us, toll free, at 1-866-594-8639. Agents trained to handle your specific account are available:
>
> Or visit our website at www.fbcs-inc.com for 24 hour payment options.

Id. (emphasis supplied).

The letter identifies the amount of the reduction that is being offered ($188.92) in the first sentence. In addition, the letter identifies the outstanding account balance ($539.76) twice and expressly identifies it as the "outstanding balance." The letter then goes on to state the reduced balance with the 35% discount ($350.84) and expressly identifies it as the "reduced amount," as follows: We can accept this reduced amount under your preferred option: 1. Pay the full amount of $350.84 to us in one payment. 2. Pay $70.17 as a down-payment and the remaining balance of

3

$280.67 30 days after your 1st payment is received."[1]

The letter also presents a third option to take advantage of the 35% reduction in the account balance.  That is, three equal installment payments of $116.95; however, the letter requires that the debtor call FBCS for details. The amount of each installment payment is the quotient of the reduced balance, $350.84, divided by three. That quotient - $116.9467 – was then rounded to $116.95. The sum of the installment payments under option three, if accepted, would result in just a cent more being paid than the $350.84 reduced balance that was offered.

While Plaintiff's Complaint is based, in part, on the third payment option, there are no allegations in the Complaint that Plaintiff called FBCS about that option even though the letter requests the debtor to call for details. The Complaint also does not allege that Plaintiff was prepared to make any payment.

### III.    <u>MOTION TO DISMISS STANDARD</u>

Plaintiff must provide the grounds of her entitlement to relief in order to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This requires more than labels and conclusions. *Id*. Courts apply a two-pronged approach in deciding a motion to dismiss:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 – 680 (2009).

*Twombly/Iqbal* "teaches that a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail … to indicate that the plaintiff has a

---

[1] The sum of the second payment option is $350.84.

4

substantial case." *Id.* In determining "plausibility" the court may disregard conclusory allegations even if they are alleged in the form of factual allegations. *Iqbal*, 129 S.Ct. at 1949.

Claims alleging that a collection letter violated section 1692e of the FDCPA may be decided as a matter of law via a dispositive motion. *E.g., Headen v. Asset Acceptance, Inc.,* 383 F. Supp. 2d 1097, 1102 (S.D. Ind. 2005); *see also Pettit v. Retrieval Masters Creditors Bureau*, 211 F.3d 1057, 1061-62 (7th Cir. 2000); ((affirming summary judgment that collection letter was not deceptive or misleading); *Jang v. A.M. Miller & Associates*, 122 F.3d 480, 484 (7th Cir. 1997) (affirming dismissal under Rule 12).

## IV.   ARGUMENTS

### A. The Complaint Should Be Dismissed Because The *One Cent* Difference Under The Three Installment Payment Plan Option Is Immaterial.

1.   A statement that is false does not violate the FDCPA unless it is also material.

To state a valid claim under the 15 U.S.C. §1692e, a plaintiff must show that the allegedly false, deceptive, or misleading representation is "material." *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757-58 (7th Cir. 2009). A statement is not material unless it would mislead an unsophisticated consumer. *Id.* at 758. "To be material, a statement must have 'the ability to influence a consumer's decision.'" *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 942 (7th Cir. 2011).

An unsophisticated consumer is presumed to be "uninformed, naïve, [and] trusting," but still possesses "rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses 'reasonable intelligence,' and is capable of making basic logical deductions and inferences." *Boucher v. Fin. Sys. of Green Bay, Inc*., 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Williams v.OSI Educ. Servs., Inc*., 505 F.3d 675, 678 (7th Cir. 2007)). In short, the unsophisticated consumer is not a "dimwit." *Pettit*, 211 F.3d at 1060.

If the alleged statement or act does not "mislead the unsophisticated consumer," it is not material and does not violate the FDCPA. *Hahn*, 557 F.3d at 758. This is true "even if [the statement or act] is false in some technical sense." *Id.*

The Court views a collection letter through the eyes of an unsophisticated consumer to determine whether a letter violates the FDCPA. *Wahl v. Midland Credit Management, Inc*., 556 F.3d 643, 645 (7th Cir. 2009). The unsophisticated consumer is charged with reading a collection letter in its entirety. *See Macia v. Credit Control, LLC*, Case No. 1:17-cv-01158, 2017 U.S. Dist. LEXIS 92630, *14 - *16 (N.D. Ill. June 16, 2017).  Furthermore, "while our unwary debtor may tend to read collection letters literally, he does not interpret them in a bizarre or idiosyncratic fashion." *Pettit*, 211 F.3d at 1060.

2. The one cent difference which, was a consequence of rounding, is immaterial.

In *Matuszczak v. Miramed Revenue Group LLC*, No. 2:16cv183-PPS, 2017 U.S. Dist. LEXIS 187569 (N.D. Ind. Nov. 13, 2017), the plaintiff's debt was $3,494.44, and the defendant offered to discount the balance by 20% if the plaintiff would pay. The defendant informed the plaintiff that the reduced balance would be $2,796.00, when, in fact, a 20% reduction would have been $2,795.55. Thus, the defendant requested 45 cents more than it should have. The plaintiff alleged a violation of section 1692e due to the 45 cent difference, however, the *Matuszczak* court found the rounding ($3,494.44 – ($3,494.44 x 20%) = $2,795.552) to be "obvious." *Id*. at *3.  In assessing the plaintiff's claim, which the court ultimately dismissed, the court reasoned:

> Viewing this misstatement from the perspective of the unsophisticated consumer, ***I find that not even the most unsophisticated of consumers could be misled by a 45 cent rounding error***, given the total amount of the debt. Let's be pragmatic. Such a trivial misstatement simply could not have been important to an unsophisticated consumer in making a decision as to how to respond to [Defendant's] efforts to collect the debt. And it surely could not affect whether an unsophisticated consumer

6

would pay the debt. That makes it immaterial. ***Any reasonable person with the most basic, rudimentary knowledge of the financial world, but with the ability to make logical deductions and inferences, would recognize the number [Defendant's representative] provided was the result of rounding***. This means that it's not objectively misleading or deceptive.

*Id*. at \*9 (emphasis supplied).

The court in *Allgire v. HOVG, LLC*, 1:16-cv-981-WTL-DKL, 2017 U.S. Dist. LEXIS 37739, \*7 - \*10 (S.D. Ind. Mar. 16, 2017) found a collection agency's statement that was $1.90 more than what the plaintiff should have been asked to pay following an offer to reduce the account balance by 25% not to be material. In arriving at that decision, the court held that the plaintiff lacked Article III standing under the U.S. Constitution because plaintiff had not pled that he sustained an injury-in-fact. *Id*. at \*8 - \*11. Specifically, the court found persuasive that the plaintiff had not been harmed because he did not allege that he paid the reduced amount. *Id*. at \*9 - \*10. In arriving at that holding the *Allgire* court reasoned:

> With the FDCPA, Congress seeks to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. §1692(e). Like the violations alleged in *Spokeo*, it is possible to allege the statutory violations the Plaintiff alleges with no resulting harm or risk of harm. Here's how: The Courts have found that false, deceptive, and misleading representations must be material to be actionable under the FDCPA. *See, e.g., Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 758 (7th Cir. 2009) ("A statement cannot mislead unless it is material, so a false but non-material statement is not actionable.") (*citing Wahl v. Midland Credit Mgmt., Inc*., 556 F.3d 643, 645-46 (7th Cir. 2009)). This materiality requirement presupposes that there are non-material representations, i.e., representations that do not cause harm or risk of harm, that could be alleged under the plain language of the statute. Because it is possible to have a false representation that results in no harm or risk of harm, bare allegations of the types of violations alleged by the Plaintiff do not entail a degree of risk sufficient to establish a concrete injury. *Spokeo*, 136 S. Ct. at 1550.2 Accordingly, the Plaintiff's allegation of a statutory violation without additional harm does not establish injury in fact for standing in this case.

*Id*. at \*7 - \*8.

7

Thus, while the *Allgire* court based the dismissal on lack of Article III standing grounds, it held that the $1.90 difference, while technically false, was immaterial.

Other courts that have been presented with a reduced debt amount that was inconsistent with what the settlement terms a collection agency had offered have found the difference in the amount to be immaterial and not a FDCPA violation when, as here, the difference was trivial. *See Jones-Bell v. Dynamic Recovery Solutions, LLC*, No. 2:18-CV-13634-TGB, 2019 U.S. Dist. LEXIS 168187, *9 - *13 (E.D. Mich. Sept. 30, 2019) (granting motion to dismiss when $.02 discrepancy was caused by the offered $282.10 settlement being incapable of being evenly divided by four); *Smith v. Dynamic Recovery Sols. LLC*, No. 2:19-cv-00135-DCN, 2019 U.S. Dist. LEXIS 93879, *18 - *19 (D. S.C. Jun. 5, 2019) (same); *see also Cabrera v. Dynamic Recovery Solutions*, No. 8:18-cv-2900-T-35TGW, 2019 U.S. Dist. LEXIS 159066 (M.D. Fla. Aug. 14, 2019) (granting motion to dismiss when $.01 discrepancy was caused by the reduced settlement amount being incapable of being evenly divided by four); *Brown v. Alltran Fin., LP*, No. 18-cv-409-wmc, 2018 U.S. Dist. LEXIS 193434, *4 (W.D. Wis. Nov. 13, 2018) (same and dismissing with prejudice); *Akoundi v. FMS, Inc.*, No. 14 Civ. 366 (RWS), 2014 U.S. Dist. LEXIS 100259 (S.D.N.Y. Jul. 22, 2014). In fact, FBCS has been sued under this same theory, and the court rejected it, and held, as follows:

> Penny wise and pound foolish — to countenance further comment on this contrivance would only add wasteful folly to silly absurdity.
>
> The Motion to Dismiss with prejudice is granted.

*Estrada v. FBCS Inc.,* No. 18-2949, 2018 U.S. Dist. LEXIS 230365 (E.D. Penn. Nov. 21, 2018).[2]

---

[2] For the convenience of this Court, a copy of the Complaint in *Estrada* is included as an exhibit to the Motion to Dismiss. [Filing No. 11-2]

304657326v1 1025331

Here, the one cent difference between $350.84 and $350.85 is immaterial and, therefore, cannot violate the FDCPA. The unsophisticated consumer's decision regarding a penny's worth of difference, which resulted from simple rounding based on dividing an amount that was not evenly divisible by three, would not impact the decision to pay the reduced amount. That is why the Complaint does not allege that Plaintiff was going to or attempted to pay off the reduced account balance amount that was offered. What is more, the subject collection letter expressly required Plaintiff to phone FBCS for details regarding the three payment installment option. If Plaintiff was confused, as she alleges she was, the unsophisticated consumer would have called FBCS for details or clarification; albeit over one cent. Any reasonable person with the most basic, rudimentary knowledge of the financial world, but with the ability to make logical deductions and inferences, would recognize, as Plaintiff, here, should have, that $350.84 is incapable of being evenly divided by three and that the $116.95 payment installment amount was the result of rounding. *Matuszczak*, 2017 U.S. Dist. LEXIS 187569 at *9. This one cent difference is well within the amounts that the courts in the decisions identified above found to be immaterial. Plaintiff's claim – which exemplifies being penny wise and pound foolish - should be dismissed with prejudice. *Estrada*, 2018 U.S. Dist. LEXIS 230365.

**B. The Complaint Should Be Dismissed Because It Expressly And Conspicuously States The Account Balance, The Amount Of The Proposed Reduction And The Reduced Account Balance With The 35% Discount.**

Debt collectors may not use false, deceptive, or misleading means to collect a debt, pursuant to 15 U.S.C. 1692e. The question on motions to dismiss a 1692e claim ultimately is whether the communications involved would be deceptive or misleading as those terms are used in the FDCPA. *Headen*, 383 F. Supp. 2d at 1102. The answer depends on whether, drawing all reasonable inferences in favor of the plaintiff, the communications are the sort that Congress intended to prevent when it enacted the FDCPA. *Id*. The Supreme Court has recognized

9

304657326v1 1025331

limitations on the requirement that statutory language be interpreted literally. A literal construction is inappropriate if it would lead to absurd results or would thwart the obvious purposes of the statute. *Id*. at 1102 – 03. A debt collector need not make any offer to settle at a discount, and a debtor who ignores one of these letters is in precisely the same position she was in before the letter arrived. *Id*. at 1103. It is difficult to see how offers to settle that do not coerce payment would fall into the type of behavior Congress intended the FDCPA to prevent. *Id.*

Here, the subject letter is a benign settlement offer. There was no obligation to offer to reduce the money Plaintiff owes, yet she responded by filing suit. While Plaintiff contends that the subject letter is confusing as to the amount of the account balance and what that balance would be with the discount [Complaint, ¶26], the unsophisticated consumer who does read letters in their entirety, is not a dimwit and is capable of making logical deductions and inferences would not be confused. This is because the letter identifies the amount of the reduction that is being offered ($188.92) in the first sentence. Next, the letter identifies the outstanding account balance ($539.76) twice and expressly identifies it as the "outstanding balance." The letter, furthermore, states the reduced balance with the 35% discount ($350.84) and expressly identifies it as the "reduced amount." Specifically, the letter states "We can accept this ***reduced amount*** under your preferred option: 1. Pay the full amount of $350.84 to us in one payment. 2. Pay $70.17 as a down-payment and the remaining balance of $280.67 30 days after your 1st payment is received." (emphasis supplied) (Filing No. 11-1).  All of this information appears in the first half of the letter and is not obstructed from view.

The unsophisticated consumer reading the letter, in its entirety, would understand that the "outstanding balance" - $539.76 – is what she owes. The unsophisticated consumer would also understand that when the subject letter offers to save her $188.92 and that the discount is 35%

304657326v1 1025331

that simple multiplication ($539.76 x .35 = $188.916 ) would confirm that the $188.92 is, in fact, what she could save if the 35% discount would be accepted. In addition, the unsophisticated consumer would understand that the reduced amount she owes would be $350.84 when with elementary arithmetic she can confirm that number ($539.76 - $188.92 = $350.84). Based on this, to allege that Plaintiff was confused with what the balance is and what the reduced amount would be with the 35% discount is unreasonable. Even the unsophisticated consumer would know that there is no obligation to offer her a discount on what she owes and that the appropriate course of action would have been to pay what she could, instead of filing suit and potentially chilling any efforts for collection agencies to offer debtors discounts. *Headen*, 383 F. Supp. 2d at 1102 – 03.

## V.      CONCLUSION

For the foregoing reasons, Defendant Financial Business and Consumer Solutions, Inc. respectfully requests that this Court dismiss the Complaint with prejudice, award it any additional relief it deems appropriate, and enter judgment in its favor and against Plaintiff.[3]

Respectfully submitted,

**HINSHAW & CULBERTSON LLP**

*/s/ David M. Schultz*

**David M. Schultz**
**Carlos A. Ortiz**
151 N. Franklin Street, Suite 2500, Chicago, IL 60606
Tel: 312-704-3000; Fax: 312-704-3001
dschultz@hinshawlaw.com; cortiz@hinshawlaw.com

---

[3] At least one court has found the theory Plaintiff is trying to advance here to be "silly absurdity." *Estrada*, 2018 U.S. Dist. LEXIS 230365. Other courts have expressed similar concerns regarding questionable FDCPA claims. Some FDCPA plaintiffs attempt to "seize upon nonmaterial minutiae in an effort to grasp the brass ring of attorneys' fees that are awardable to successful plaintiffs under the [FDCPA]." *Rodriguez v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. No. 08 C 6198, 2009 U.S. Dist. LEXIS 23044, *2 (N.D. Ill. March 10, 2009); *see also Bailey v. Sec. Nat'l Servicing Corp*., 154 F.3d 384, 388 (7th Cir. 1998) (expressing similar concerns). "Imposing liability for technical falsehoods that have no bearing on the debt or the ability to dispute it furthers no conceivable consumer interest and only increases the cost of credit by subjecting debt collectors to frivolous claims." *Ocampo v. Client Servs*., 2019 U.S. Dist. LEXIS 111819, *8 - *9 (E.D.N.Y. Jul. 3, 2019)

304657326v1 1025331

*and*

**Jennifer Kalas** (17396-64)
322 Indianapolis Blvd., Suite 201, Schererville, IN 46375
Tel: 219-864-5051; jkalas@hinshawlaw.com


## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to:

Mohammed O. Badwan
Joseph S. Davidson
SULAIMAN LAW GROUP, LTD.
2500 S. Highland Ave., Suite 200
Lombard, IL 60148
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com

/s/*Carlos A. Ortiz*

12